UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL R. CATTARIN,

                Plaintiff,

                                                **DECISION AND ORDER**
                                                           09-CV-534A

        v.

KRAFT FOODS NORTH AMERICA, INC.
    TIP PLAN,

                Defendant.

---

## INTRODUCTION

On July 9, 2009, defendant filed twin motions[1] to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Defendant asserts that plaintiff's claim about unauthorized pension withdrawals is not cognizable under either state or federal law. The Court's more immediate concern, however—even in the absence of a motion to remand—is that defendant relied on too broad an interpretation of federal pension law to remove this case from state court. Because plaintiff clarified at oral argument that his claim relates only to possible forgery or similar fraud, the Court will deny the

---

[1]Two corporate entities have made these motions, claiming that the name of the defendant appearing in the caption resembles but does not match their names, and that plaintiff might be referring to them. For reasons stated below, the Court does not need to address this issue and will use the term "defendant" collectively for the sake of brevity.

pending motion without prejudice and will remand the case, *sua sponte*, to state court.

## BACKGROUND

This case concerns allegations that person or persons unknown forged plaintiff's signature to withdraw funds from his pension account without his permission. Plaintiff is a New York resident who has worked locally for defendant for over 17 years as a truck driver. Sometime after his employment began, plaintiff became eligible to contribute to a retiree benefit plan known as the "TIP Plan." The parties do not dispute that the TIP Plan generally is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461.

The TIP Plan has a procedure, allegedly instituted in 2003, that allows employees to make premature withdrawals to handle unexpected expenses that may arise in their lives. This procedure is called the "hardship withdrawal" procedure. Whether plaintiff himself ever planned to take advantage of the hardship withdrawal procedure is not clear from the docket. Nonetheless, once the procedure took effect, 10 hardship withdrawals from plaintiff's pension account allegedly occurred in 2003 and 2004, totaling $19,028.14. Plaintiff alleges that he never authorized these withdrawals and seeks a restoration of these funds.

2

On March 10, 2009, plaintiff filed a complaint in New York State Supreme Court, Erie County, seeking damages in the amount of the allegedly unauthorized withdrawals. On June 5, 2009, defendant filed a notice of removal to this Court. The motions to dismiss followed. The essence of defendant's motions is that plaintiff has not stated a cognizable claim under either state or federal law, because he has not alleged misconduct by defendant and because his claim does not fall under ERISA's civil enforcement provision, 29 U.S.C. § 1132. In opposing the motions, plaintiff argues that the original complaint[2] stated a claim sufficiently under New York law, which governed this case prior to removal.

The Court held oral argument on October 7, 2009. At oral argument, defendant mentioned that it possessed completed withdrawal forms signed by plaintiff for all of the withdrawals in question. Plaintiff countered by suggesting that some or all of the forms in question do not bear plaintiff's genuine signature. The oral argument thus clarified that the principal, and perhaps only, issue in this case is forgery—who signed the forms that defendant has on file, and whether defendant would have had any reason to detect the signatures on the forms as forged.

---

[2]Plaintiff filed an amended complaint on July 30, 2009. The Court will not address any issues between the parties as to the amended complaint, except to note that defendant's motions to dismiss did not cut off plaintiff's rights under FRCP 15(a)(1)(A). *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007) ("Defendants' motion to dismiss, because it was a motion, not a pleading, was not a 'responsive pleading' within the meaning of Rule 15(a).") (citation omitted).

## DISCUSSION

"[I]n our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction. Where jurisdiction is lacking, moreover, dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citations omitted). Because this case originated in state court, this Court would remand rather than dismiss. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 10 (E.D.N.Y. 2005) (holding that a remand can occur *sua sponte* and without further notice) (citations omitted). Even without a motion from plaintiff, remand is appropriate here. The parties do not dispute plaintiff's membership in the TIP Plan; the rules and procedures of the TIP Plan as written; the amount of plaintiff's benefits aside from the withdrawals in dispute; or plaintiff's rights under the hardship withdrawal procedure. Additionally, the parties do not appear to dispute the process, in itself, by which the withdrawals were made. The only dispute appears to be that someone other than plaintiff triggered that withdrawal process 10 times in his name, without his knowledge. "The plaintiffs' common law fraud claim, which seeks to advance the rights and expectations created by ERISA, is not preempted simply because it may have a

4

tangential impact on employee benefit plans. We are persuaded further in this conclusion by the fact that although the defendants improperly administered the plan, the essence of the plaintiffs' fraud claim does not rely on the pension plan's operation or management . . . . The plan was only the context in which this garden variety fraud occurred." *Geller v. County Line Auto Sales, Inc.*, 86 F.3d 18, 23 (2d Cir. 1996); *cf. Caterpillar Inc. v. Williams*, 482 U.S. 386, 394–95, (1987) (ruling that employment claims "not substantially dependent upon interpretation of the collective-bargaining agreement" were not completely preempted by Labor Management Relations Act); *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996) (rejecting complete preemption argument where plaintiff's fraudulent misrepresentation claim did not depend on existence of ERISA benefits plan). Under these circumstances, there is no reason to believe that federal law will prevent a state court from presiding over plaintiff's attempt to regain money that he allegedly lost through forgery and not through the operation of the TIP Plan in itself.

## CONCLUSION

For all of the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case. The Clerk of the Court is directed to take the steps necessary to remand this case to New York State Supreme Court, Erie County. Defendant's motions are denied without prejudice to refile in state court as it sees fit.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 19, 2009